## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES DLESTER CRANDLE | ) | |
| (Jail ID #063209), | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:17-00562-WS-N |
| | ) | |
| NOAH PRICE OLIVER, *Warden*, | ) | |
| *Mobile County Metro Jail*, | ) | |
|     Respondent. | ) | |

## <u>REPORT AND RECOMMENDATIONS</u>

Petitioner James Dlester Crandle, an Alabama pretrial detainee proceeding *pro se*, initiated the above-styled action by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).  The petition has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  *See* S.D. Ala. GenLR 72(b); (12/27/2017 electronic referral).

---

[1] *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not" brought under 28 U.S.C. § 2254.); S.D. Ala. CivLR 9(b) ("The Court may apply any of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts to applications for release from custody under 28 U.S.C. § 2241.").

Having conducted preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned finds that it "plainly appears" that Crandle is not entitled to relief in this Court because he has not shown he is entitled to habeas relief on some of his claims, and because has failed to exhaust his state court remedies as to the rest.  Thus, the petition is due to be **DISMISSED without prejudice** as to the unexhausted claims, and otherwise **DISMISSED**, without first ordering an answer from the Respondent.  The undersigned also finds that, in conjunction with the dismissal of his petition, Crandle should be **DENIED** both a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

## I.    *Background*

Per the allegations in Crandle's petition (Doc. 1),[2] he is currently being detained in the Metro Jail of Mobile, Alabama, while awaiting trial on a charge of capital murder, previously upgraded from felony murder, pursuant to the order of Judge James T. Patterson of the Circuit Court of Mobile County (Case No. CC-2017-3964).  Crandle claims that he has been denied his right to a speedy trial under the Sixth Amendment of the United States Constitution.  He also alleges violations of the "Fourth Amendment" "due to a prior on [his] record that [he] ha[s] already

---

[2] The undersigned is mindful of the obligation to construe Crandle's *pro se* petition liberally. *See, e.g.*, *Gunn v. Newsome*, 881 F.2d 949, 961 (11th Cir. 1989) (en banc) ("Pro se habeas petitioners do not stand in the same position as counseled petitioners. Because habeas petitioners are often unlearned in the law and unfamiliar with the complicated rules of pleading, we do not impose on them the same high standards of the legal art which we might place on the members of the legal profession. Accordingly, we have never wavered from the rule that courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney." (citations and quotations omitted)).

served time for 2 years ago" (the undersigned construes this claim as alleging a violation of the Double Jeopardy Clause of the Fifth Amendment); various constitutional violations based on insufficiency of the evidence against him, which he claims consist only of "hearsays, and no concret [sic] evidence like a weapon, DNA, video/audio and etc.[;]" and that Judge Patterson improperly revoked his bond after his charge was upgraded.  As relief, he requests that he "be granted a reasonable bond," and that he receive "a dismissal of charges…"

Crandle filed motions for speedy trial and to set or reduce bond on October 31, 2017, which Judge Patterson denied on November 30, 2017.  Crandle claims his appointed counsel told him Judge Patterson "have the rights to do what he done on 11/30/17" and that Crandle "can't do nothing about it."  Crandle admits he has not pursued any appeals of Judge Patterson's decision, claiming he doesn't "know how to file an appeal, and [his] appointed counsel will not help [him] again to get back in front of a Judge or file a speedy trial…"

## II.   *Analysis*

### A.   § 2241 Petition

A state pretrial detainee may seek habeas relief under 28 U.S.C. § 2241.  *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254. However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241." (citing *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003)); *Tooten v. Shevin*, 493 F.2d 173, 175 n.1 (5th Cir.

1974)[3] ("A prejudgment petition for a writ of habeas corpus is filed pursuant to 28 U.S.C. § 2241. Prisoners in custody pursuant to the judgment of a state court file habeas corpus petitions pursuant to 28 U.S.C. § 2254.").  However, the petitioner detainee must "exhaust[] all available state remedies as a prelude to th[e] action." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973).  *See also Tooten*, 493 F.2d at 175 & n.6 ("Although federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled." (citing *Braden*, 410 U.S. 484; *Fain v. Duff*, 488 F.2d 218 (5th Cir. 1973); *Ex parte Royall*, 117 U.S. 241 (1886)); *Hughes*, 377 F.3d at 1262 & n.4 (citing *Fain v. Duff* as controlling "the exhaustion requirements necessary to obtain relief pursuant to 28 U.S.C. § 2241").  "The Exhaustion doctrine is a judicially crafted requirement, now considered jurisdictional, which is firmly rooted in sound considerations of federal-state comity."  *Tooten*, 493 F.2d at 175 (footnote omitted).  *See also Hughes*, 377 F.3d at 1262 n.4 ("In *Fain v. Duff*, the former Fifth Circuit explained that '[t]he exhaustion of state remedies ... was [originally] left in the discretion of the district court, [but] the requirement soon became known as a jurisdictional one.' " (quoting *Fain*, 488 F.2d at 223)).[4]

---

[3] "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[4]     The Eleventh Circuit has held that, for petitions brought under 28 U.S.C. § 2254, "[t]he requirement that habeas claims be exhausted is not jurisdictional and may be waived by the state[, and a] district court may not dismiss a habeas petition for failure to exhaust state remedies unless the state first responds and raises an exhaustion defense or waives exhaustion." *Martin v. Sec'y, Dep't of Corr.*, 262 F.

App'x 990, 993 (11th Cir. 2008) (per curiam) (unpublished) (citing *Davis v. Dugger*, 829 F.2d 1513, 1521 (11th Cir. 1987)).  However, *Fain* and *Tooten* indicate that the exhaustion requirement for § 2241 state petitioners is jurisdictional, and "[f]ederal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam) (quotation omitted).

Nevertheless,

> [t]he Supreme Court has noted that courts, including it, "have sometimes mischaracterized claim-processing rules or elements of a cause of action as jurisdictional limitations." *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 161, 130 S. Ct. 1237, 1243–44, 176 L. Ed. 2d 18 (2010). As a result, the term "jurisdiction" has become "a word of many, too many, meanings." *Steel Co. [v. Citizens for a Better Env't*], 523 U.S. [83,] 90, 118 S. Ct. [1003,] 1010[, 140 L. Ed. 2d 210 (1998)] (quotation marks omitted). Used correctly, " '[j]urisdiction' refers [only] to 'a court's adjudicatory authority.' " *Reed Elsevier,* 559 U.S. at 160, 130 S. Ct. at 1243 (quoting *Kontrick v. Ryan,* 540 U.S. 443, 455, 124 S. Ct. 906, 915, 157 L. Ed. 2d 867 (2004)). So "the term 'jurisdictional' properly applies only to 'prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)' implicating that authority." *Id.* at 160–61, 130 S. Ct. at 1243; *see also Steel Co.,* 523 U.S. at 89, 118 S. Ct. at 1010 (noting that "subject-matter jurisdiction" refers to "the courts' statutory or constitutional *power* to adjudicate the case"). Examples of non-jurisdictional rules, on the other hand, include "claim-processing rules," such as exhaustion requirements, which "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 131 S. Ct. 1197, 1203, 179 L.Ed.2d 159 (2011).

*Santiago-Lugo v. Warden*, 785 F.3d 467, 472 (11th Cir. 2015). The Eleventh Circuit has held that *Reed Elsevier* and similar subsequent Supreme Court authority "have undermined []to the point of abrogation" its prior precedent, announced in *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992), "that failure to exhaust administrative remedies deprives a court of subject matter jurisdiction over a § 2241 petition" filed by a <u>federal</u> prisoner. *Santiago-Lugo*, 785 F.3d at 471-75. Thus, for § 2241 petitions filed by federal prisoners, "[t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one. What its non-jurisdictional nature means is that a court need not inquire into exhaustion on its own.  A court has the

Two significant interests have been identified which are protected by the policy of exhaustion.

First, exhaustion preserves the role of the state courts in the application and enforcement of federal law. Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, exhaustion preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts.

These fundamental interests underlying the exhaustion doctrine are satisfied by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.

discretion to accept or reject a concession from the respondent that administrative remedies have been exhausted." *Id.* at 475.

In reaching this conclusion, the *Santiago-Lugo* panel observed:

Congress has not stated that the § 2241 exhaustion requirement "shall count as jurisdictional." In fact, Congress said nothing at all in § 2241 about exhaustion, which is a judge-made requirement. Section 2241 itself does not impose an exhaustion requirement, let alone one that "speak[s] in jurisdictional terms or refer[s] in any way to the jurisdiction of the ... courts." *Reed Elsevier*, 559 U.S. at 165, 130 S. Ct. at 1246. There is nothing in the statute to support the conclusion that the judicially imposed exhaustion requirement is jurisdictional.

*Id.* at 474.  While the reasoning of *Santiago-Lugo* may well apply to § 2241 petitions filed by state prisoners and detainees, neither that decision, nor any other decision of the Eleventh Circuit or the U.S. Supreme Court, has abrogated the holdings of *Fain* and *Tooten*.  *See, e.g.*, *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("We acknowledge the strength of the prior panel precedent rule in this circuit. Under that rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*. While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point." (citations and quotation omitted)).

*Tooten*, 493 F.2d at 175–76 (footnote omitted).  "Federal habeas corpus should not be used as a pretrial motion forum for state prisoners."  *Id.* at 177 (quotation omitted).

> Moreover,
>
> in *Braden*…, 410 U.S. 484, 93 S. Ct. 1123, 35 L. Ed. 2d 443[, t]he Court there reiterated the long established principle that 'federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.' *Id.* at 490, 93 S. Ct. at 1127, 35 L. Ed. 2d at 449. The Court held, however, that there was an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. *See Smith v. Hooey*, 393 U.S. 374, 89 S. Ct. 575, 21 L. Ed. 2d 607 (1969). This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met. *See Tooten v. Shevin*, 493 F.2d 173 (5 Cir. 1974), *cert. denied*, 421 U.S. 966, 95 S. Ct. 1957, 44 L. Ed. 2d 454 (1975).

*Brown v. Estelle*, 530 F.2d 1280, 1282–83 (5th Cir. 1976).

Here, the only relief sought by Crandle in his petition, other than a "reasonable bond," is "a dismissal of charges." (Doc. 1 at 8).  *Braden* clearly held that a § 2241 petitioner generally cannot seek dismissal of his state criminal charges based on speedy trial violations.  Crandle's claims challenging the sufficiency of the evidence to support the charges against him also appear to be the kind of "affirmative defense" subject to *Braden*'s general prohibition.  Because

Crandle has not shown that "special circumstances" exist permitting this Court to adjudicate these "affirmative defenses" to his state criminal charges,[5] his claims for dismissal of his state court charges based on speedy trial grounds and insufficient evidence will not lie in this habeas proceeding and are due to be **DISMISSED**.

The Eleventh Circuit has recognized that "[d]ouble jeopardy is not a mere defense to a criminal charge; it is a right to be free from a second prosecution…which can and should be vindicated without waiting until the state decides to conduct a trial." *Fain*, 488 F.2d at 224. Moreover, Crandle's claims based on the revocation of his bond do not appear to be an attempt to dismiss or otherwise prevent his prosecution. Liberally construing Crandle's petition, his speedy trial claim could also be read not as "seek[ing] at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the [state]'s affirmative constitutional obligation to bring him promptly to trial." *Braden*, 410 U.S. at 489–90. These claims are "attainable through federal habeas

---

[5] *Cf. Tooten*, 493 F.2d at 177 & n.16 ("The appellant maintains that 'special circumstances' are present here in that she has attempted to have her claim vindicated by the state courts and that prior decisions clearly establish the viability of her argument. This situation does not present the special circumstances envisioned by the courts…In his dissent in *Braden v. Judicial Circuit Court of Kentucky*, 410 U.S. 484, 508, 93 S. Ct. 1123, 1136, 35 L. Ed. 2d 443, 456 (1973), Justice Rehnquist states that the situations in which pretrial habeas 'is justified involve the lack of jurisdiction, under the Supremacy Clause, for the State to bring any criminal charges against the petitioner.' (emphasis added)." (footnote omitted)); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985) ("[A]bsent **special and unique** circumstances, federal habeas corpus does not lie to adjudicate the merits of affirmative defenses to state criminal charges." (citing *Braden*, 410 U.S. at 489) (emphasis added)).

corpus,...although the requirement of exhaustion of state remedies still must be met." *Brown*, 530 F.2d at 1283

Crandle admits that he has not attempted to seek further review of Judge Patterson's denial of his motions for speedy trial and to set or reduce bond.  If an Alabama trial court denies a defendant's motion asserting a Sixth Amendment speedy trial claim, the defendant may continue to pursue that claim via a petition for a writ of habeas corpus filed with the trial court, the denial of which may be appealed.  *See Williams v. State*, 511 So. 2d 265, 267 (Ala. Crim. App. 1987) ("One whose constitutional right to a speedy trial is violated may be granted relief by habeas corpus where his motion for discharge is denied and no other remedy is available.  *Blake v. State*, 448 So.2d 968 (Ala. Cr. App. 1984)."); *Aaron v. State*, 497 So. 2d 603, 605 (Ala. Crim. App. 1986) ("Pending trial, the remedy for illegal confinement by reason of the erroneous postponements of trial is habeas corpus where a motion for discharge has been denied and no other remedy is available."); *Ex parte Hamilton*, 970 So. 2d 285 (Ala. 2006) (certiorari review of Court of Criminal Appeals's denial of a petition for writ of habeas corpus asserting speedy trial violation); *Grace v. Alabama*, No. 1:13-CV-361-TMH, 2013 WL 6596951, at \*1 (M.D. Ala. Dec. 13, 2013) ("Grace contends that his right to a speedy trial has been violated by Alabama authorities. A criminal defendant in Alabama may file a motion for a speedy trial or a state petition for writ of habeas corpus in the state trial court to address alleged speedy trial violations. *See Williams v. State*, 511 So. 2d 265, 267 (Ala. Crim. App. 1987).").  The same is true for trial court decisions

denying bond or a reduction in bond.  *Ex parte Stokes*, 990 So. 2d 852, 856 (Ala. 2008); *Ex parte Colbert*, 805 So. 2d 687, 688 (Ala. 2001).

As for his double jeopardy claim, there is no indication that Crandle has ever attempted to raise it in his state court proceedings, much less exhaust it through the appropriate appellate channels.  *Cf. Fain*, 488 F.2d at 224 ("In this case, the courts of Florida have had an opportunity to promulgate a final, definitive ruling on the question involved. The Florida Supreme Court has authoritatively stated in the context of this case that in its opinion reprosecution of the petitioner will not violate his right not to be twice placed in jeopardy. There is nothing more for the courts of Florida to say on this issue." (citation omitted)).  In Alabama, a double jeopardy claim must first be raised in the circuit court via a motion, and a denial of the motion may be reviewed in the Alabama appellate courts by way of a petition for a writ of mandamus.  *See Ex parte Ziglar*, 669 So. 2d 133, 135 (Ala. 1995) ("The appellate courts of this State will review double jeopardy claims properly presented by petitions for the writ of mandamus. See Rule 21(e), Ala. R. App. P.  This procedure will adequately protect the interest of a defendant…so as to avoid the personal strain, public embarrassment, and expense of a subsequent criminal trial… A defense of double jeopardy must be timely raised at trial, or else it is waived.").

Accordingly, the undersigned finds that Crandle failed to "exhaust[] all available state remedies" prior to bringing the present habeas petition, *Braden*, 410 U.S. at 489, and the petition is therefore due to be **DISMISSED without**

**prejudice** for failure to exhaust, to the extent it is not already due to be dismissed for the reason stated previously.[6]

## B.   Certificate of Appealability

In habeas actions such as this one, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C.A. § 2253(c)(1)(A).[7]  "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' "  *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir.

---

[6] Crandle has indicated that his attempts to exhaust his remedies have been stymied by the refusal of his appointed counsel to further pursue Crandle's claims. However, Crandle does not indicate that he has brought this to the Alabama courts' attention, that he has sought to secure new counsel (either appointed or retained), or that he has attempted to discharge counsel and pursue his claims *pro se*.  Thus, he has failed to show that his state court remedies should be deemed exhausted simply due to appointed counsel's actions.  *See Brown*, 530 F.2d at 1284 ("While we would not permit a state procedural rule or practice to frustrate vindication of federal constitutional rights where it is unfairly applied or puts an undue burden on a petitioner, *see Fay v. Noia*, 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963); *Layton v. Carson*, 479 F.2d 1275 (5 Cir. 1973), we have no evidence that this is the case. If petitioner's attorney of record no longer represents him and, as he now states, he is indigent, he should make an attempt to notify the state trial court of that fact and have another attorney appointed to represent him. If petitioner is unable to obtain the assistance of counsel that the trial court and the Texas Supreme Court require, or if his attempts to secure a speedy trial fail on the merits, we will deem these state remedies exhausted.").

[7] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal."  *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). In all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). However, "a COA does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S.

at 337.

Upon consideration, the undersigned finds that Crandle should be **DENIED** a Certificate of Appealability as to the present habeas petition, as he has not made a substantial showing of the denial of a constitutional right.  As to those claims dismissed for failure to exhaust, the undersigned further finds that reasonable jurists would not find it debatable whether the Court was correct in that procedural ruling.[8]

### C.    Appeal *In Forma Pauperis*

Crandle was granted leave to proceed *in forma pauperis* in this action.  "A party who was permitted to proceed in forma pauperis in the district-court action…may proceed on appeal in forma pauperis without further authorization, unless…the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding…"   Fed. R. App. P. 24(a)(3)(A).   *See also* 28 U.S.C. §

---

[8]     Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).
     Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000).  In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Crandle in this action would be without merit and

therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis.* [9]

## III.   *Conclusion and Recommendations*

In accordance with the foregoing analysis, it is **RECOMMENDED** that the Crandle's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED without prejudice in part** for failure to exhaust and otherwise **DISMISSED**, and that the Court find Crandle is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis.*

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk of Court is **DIRECTED** to serve copies of the petition (Doc. 1) and this Report and Recommendations on the Respondent and the Attorney General of the State of Alabama.

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's

---

[9] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 23rd day of January 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**